UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| PRINCETON ALTERNATIVE INCOME FUND, L.P., | ) ) ) | 3:24-cv-3013 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND** |
| LITTLE OWL ARGON, LLC, | ) ) | |
| Defendant. | ) | |

COMES NOW Plaintiff Princeton Alternative Income Fund, L.P. ("PAIF"), by and through its attorneys, Gregory G. Strommen and Richard E. Huffman, and submits this Reply Brief in support of its Motion for Remand to the Sixth Judicial Circuit Court, Todd County, South Dakota.

On April 26, 2024, Defendant Little Owl Argon, LLC ("Little Owl") filed a Notice of Removal with the District Court for the District of South Dakota. Defendant's Notice alleges that the "Plaintiff and Defendant are citizens of different states and the controversy exceeds the value of $75,000, thereby conferring diversity jurisdiction on this Court." PAIF moved for remand to the Sixth Judicial Circuit Court of Todd County, South Dakota. Plaintiff's Motion for Remand is based on the lack of complete diversity of citizenship of the parties. 28 USC § 1332 requires complete diversity of citizenship and an amount in controversy exceeding Seventy-Five Thousand Dollars ($75,000).

ARGUMENT

Non-corporate entities such as partnerships and limited partnerships, like Plaintiff herein, take on the citizenship of their individual partners for purposes of determining diversity of citizenship. In this case, Plaintiff has filed a Disclosure Statement and Affidavit of John "Jack"

1

Cook showing that at least one member of Plaintiff is a citizen of Florida. Defendant Little Owl is a limited liability company which takes on the citizenship of each of its owners and both are Florida residents. Based on the information filed with the Court, no additional information is necessary to determine that there is not complete diversity of citizenship between the Florida citizenship of the Little Owl members and that of one of the members of Plaintiff.

In its Brief in Opposition to Motion to Remand, Little Owl points to its extensive due diligence investigating the jurisdictional aspects of the case and its good faith conclusion that supports its opposition to Plaintiff's Motion for Remand. Even though Little Owl thoroughly researched the information available to it in public records in forming its belief, it also acknowledges that "these documents are several years old, and absent contrary more current information" it shows that complete diversity exists. As stated, however, Little Owl did not have the Disclosure Statement and Cook Affidavit, which is "contrary more current information" that defeats diversity. The Disclosure Statement and Cook Affidavit in fact is more current information that shows complete diversity no longer exists. Complete diversity must exist, in the case of a removed action, when the petition for remand is filed. See e.g. *Knudson v. Systems Painters, Inc.*, 634 F.3d 968 (8th Cir. 2011).

## CONCLUSION

The Court has sufficient information on file to determine that diversity jurisdiction does not exist. No additional disclosures are necessary for the Court to make the determination to remand the case. In fact, the Advisory Committee Notes to the 2022 Amendment to Fed. R. Civ. P. 7.1 state that the rule recognizes that the court may limit the disclosure in appropriate circumstances. It is unnecessary for Plaintiff to disclose the names and citizenship of all of the partners and limited partners and each member of those partnerships, which may be a

unnecessary and time consuming task. "Disclosure might be cut short when a party reveals a citizenship that defeats diversity jurisdiction. Or the names of identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure." *Fed. R. Civ. P. 7.1 Advisory Committee Notes*. See also, *Wilkins v. Tory Burch, LLC*, 2023 WL 3600084 (E.D. Mo)

Based upon the foregoing, the disclosure should be cut short because the citizenship that has been revealed defeats diversity jurisdiction, and any additional inquiry or disclosure would be unnecessary and a waste of judicial economy and resources.

DATED this 25th day of June, 2024.

                                                             */s/ Gregory G. Strommen*
                                                          Gregory G. Strommen
                                                          Richard E. Huffman
                                                          DEMERSSEMAN JENSEN
                                                            TELLINGHUISEN & HUFFMAN LLP
                                                          *Attorneys for Plaintiff*
                                                          516 5th Street, P.O. Box 1820
                                                          Rapid City, SD 57709-1820
                                                          (605) 342-2814
                                                          gstrommen@demjen.com
                                                          reh@demjen.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2024, I served a true and correct copy of the foregoing **Reply Brief in Support of Plaintiff's Motion for Remand** upon the person identified below by E-filing (CM/ECF):

Daniel F. Duffy
Emily M. Smorgiewicz
Bangs, McCullen, Butler,
Foye & Simmons, L.L.P.
*Attorneys for Defendant*
PO Box 2670
Rapid City, SD 57709

-and-

William J. McKenna
Michael J. Small
*Pro Hac Vice for Defendant*
Foley & Lardner, LLP
321 N. Clark Street, Suite 3000
Chicago, IL 60654

 */s/ Gregory G. Strommen*
Gregory G. Strommen
Richard E. Huffman
DEMERSSEMAN JENSEN
  TELLINGHUISEN & HUFFMAN LLP
*Attorneys for Plaintiff*
516 5th Street, P.O. Box 1820
Rapid City, SD 57709-1820
(605) 342-2814
gstrommen@demjen.com
reh@demjen.com