UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| **PRINCETON ALTERNATIVE INCOME FUND, L.P.**, | Case No. 3:24-cv-3013 |
| | Hon. Eric C. Schulte |
| Plaintiff, | |
| v. | **Defendant's Motion for Leave to Serve Jurisdictional Discovery** |
| **LITTLE OWL ARGON, LLC**, | |
| Defendant. | |

Defendant Little Owl Argon, LLC, ("Little Owl" or "Defendant"), by its undersigned attorneys, respectfully submits this *Motion for Leave to Serve Jurisdictional Discovery* (the "Motion") pursuant to Local Rule 7.1.

## INTRODUCTION

After at least two unsuccessful tries at a complete Local Rule 7.1. statement Plaintiff Princeton Alternative Income Fund, L.P. ("PAIF" or "Plaintiff") still comes up short. In its first statement PAIF concluded (without documentary support) that "at least one of [its] members, partnerships investors and trusts that comprise PAIF is a resident of the State of Florida" thus destroying diversity. (Doc. 19-1, at 2.) Plaintiff also alleged it could not disclose the identity of this partner because of

Page 1 of 8

Princeton Alt. Income Fund, LP v. Little Owl Argon, LLC       Def's Mtn for Leave to Serve
3:24-cv-3013                                                  Jurisdictional Discovery

confidentiality obligations.[1] (*Id.* at 1.) On July 3, PAIF made its second attempt, this time finally identifying what it claims is the PAIF Partner which destroys diversity, the Mattis Family Trust. (Doc. 22.)

In light of PAIF's corporate disclosure statements, Little Owl requests that it be allowed to pursue limited jurisdictional discovery with respect to the latest disclosures. Little Owl would not object to the entry of a reasonable protective order to preserve confidentiality, nor would it object to Plaintiff filing additional disclosures detailing its jurisdictional analysis with appropriate redactions, so long as Little Owl is allowed to review unredacted data to appropriately analyze the conclusions of the affiant.

Little Owl stands ready to serve tailored document requests and interrogatories directed as to how, where, and when the Mattis Family Trust, the alleged Florida citizen, took its place in the PAIF partnership.[2] It would also, if necessary, and if the Court approves, proceed with a limited deposition of Mr. Cook on jurisdictional issues.

---

[1] This is notwithstanding the fact that the Trustee in Plaintiff's bankruptcy case identified seven PAIF partners by name in publicly available filings. (See Ex. A, Service List from PAIF Bankruptcy.) Of those seven partners listed there were three limited partnerships, one LLC, two trusts and one individual (with a New Jersey address).

[2] As noted in Little Owl's previous filings, as of 2017, none of Plaintiff's partners, including presumably the Mattis Family Trust, were citizens of Florida. (*See* Doc. 15-2, as discussed in Doc. 15 at 7.)

Page 2 of 8

Princeton Alt. Income Fund, LP v. Little Owl Argon, LLC      Def's Mtn for Leave to Serve
3:24-cv-3013                                                  Jurisdictional Discovery

## ARGUMENT

In Plaintiff's Motion for Remand, Plaintiff made no claim that diversity did not exist - rather, Plaintiff argued that Little Owl did not meet its burden to properly allege diversity. (*See* Doc. 13 and 14.) Then, in Plaintiff's subsequently filed Rule 7.1 Disclosure Statement (the first attempt) and Reply in Support of its Motion for Remand, Plaintiff, through its affiant Jack Cook, made the conclusory statement that one of the partnerships, investors, and trusts that comprise PAIF is a citizen of Florida which destroys diversity, but claimed it could not disclose the identity of this entity because of confidentiality obligations (*See* Doc. 19 and 19-1.) On July 3, 2024, after being prompted by an order requiring a more detailed 7.1 disclosure (Doc. 21), PAIF finally disclosed the name of its alleged Florida citizen partner, the Mattis Family Trust.

The problem with this disclosure is that it is flatly inconsistent with the 2017 sworn declaration from the very same affiant. (*Cf*, Doc. 15-2, stating PAIF is a citizen of Delaware, California, New Jersey New York, Illinois, Georgia, Maryland, Texas, and the British Virgin Islands.) Plaintiff also makes this claim without specificity and without explaining what changed from Mr. Cook's earlier sworn statement. Further, in multiple filings in 2019 and 2020, the Mattis Family Trust was identified as a partner of

Page 3 of 8

Princeton Alt. Income Fund, LP v. Little Owl Argon, LLC   Def's Mtn for Leave to Serve
3:24-cv-3013   Jurisdictional Discovery

PAIF, with a mailing address in London, the United Kingdom, not Florida. Against this backdrop, and in light of the glaring inconsistencies, a number of key questions arise. Who are the Trustees of the Mattis Family Trust? Who are its beneficiaries? What are the Trustees and beneficiaries citizenships? What type of Trust is the Mattis Family Trust? Why does the affiant now conclude that a partner of PAIF is a citizen of Florida? None of this is illuminated in any way in Mr. Cook's affidavit, which blithely concludes there is a Florida citizen somewhere within the partnership structure of PAIF. Without showing where that occurs in the structure, how he reaches that conclusion, or even why it was not the case in 2017 when he stated the opposite conclusion under oath, Little Owl cannot be forced to rely on Plaintiff's bare allegations that diversity does not exist in this case.

Plaintiff's conclusion that this information cannot be revealed because of confidentiality obligations is insufficient particularly since Plaintiff is attempting to remand this action on that basis. There are numerous mechanisms to protect the confidentiality of court filings, several of which are proposed by Little Owl *supra* at p. 2.[3] Even more confounding is the fact that

---

[3] Courts have utilized several of these methods when a party has refused to disclose pertinent citizenship information. *See, e.g., Res. Converting, LLC v. Dunne*, No. 416CV00470JAJSBJ, 2017 WL 3092096 (S.D. Iowa Apr. 25, 2017) (ordering plaintiff's counsel to complete investigation required to obtain all necessary info as to the citizenship of plaintiffs members then confer with defendants); *Bauer v. Equinor Energy LP,* 2023 U.S. Dist. LEXIS 75483, *3-4 (D.N.D. Feb. 1, 2023) (where the defendant's membership was not public record, the court ordered a status conference to discuss the issue of jurisdiction).

the identity of the specific partner of PAIF has already been revealed in multiple previous publicly available filings. (*See* Ex. A, Service List from PAIF Bankruptcy and Rule 2019 Affidavit from same.) It is thus unclear why Plaintiff now asserts that this information is confidential. At this point, after two inadequate Rule 7.1 Statements, Little Owl has no choice but to request leave to serve jurisdictional discovery.

As discussed in the Motion for Remand briefing, both LLCs and partnerships take on the citizenship of every member or partner. If a member or partner is itself a partnership or LLC, the search for jurisdictional significance continues until a corporation or individual is identified. For Trusts, like the Mattis Family Trust, the question is even more complicated since a traditional Trust takes on the citizenship of its Trustee, or Trustees but a Trust, especially a business Trust, which can sue or be sued in its own name under applicable law, determines its citizenship based upon the citizenship of all of its beneficiaries. *See Arnegard Holdings, LLC v. Tri-State Consulting Eng'rs, Inc.*, No. 1:13-cv-124, 2014 U.S. Dist. LEXIS 3656, at *5-6 (D.N.D. Jan. 13, 2014) ("lower courts have reached mixed results when determining a trust's citizenship for diversity purposes. Some, relying on *Navarro*, have concluded that a trust's citizenship is that of its

trustees…[o]thers have concluded that under *Carden*, the citizenship of the beneficiaries must be considered - at least when the trust is a party.")

Under these circumstances, Little Owl is entitled to know the identity of the Mattis Family Trust's Trustee or Trustees, as well as its beneficiaries, together with information about the citizenship of the trustees and the beneficiaries. It also needs a copy of the trust document itself (its financial terms or list of assets contributed can be redacted) to determine whether the citizenship of the Trustees or the beneficiaries is dispositive for diversity of citizenship purposes. Thus, jurisdictional discovery is appropriate. *See, e.g., Tim-Minn, Inc. v. Tim Hortons USA, Inc.*, No. 19-CV-409 (JNE/ECW), 2019 WL 2865600 (D. Minn. July 3, 2019).

## CONCLUSION

For the foregoing reasons, Little Owl requests leave to conduct limited jurisdictional discovery on the issues of the citizenship, for diversity purposes, of the Mattis Family Trust.

Respectfully submitted this 9th day of July, 2024.

        **BANGS, MCCULLEN, BUTLER, FOYE & SIMMONS, L.L.P.**

        By:   */s/ Daniel F. Duffy*
               Daniel F. Duffy
               Emily M. Smoragiewicz
               333 West Boulevard, Ste. 400
               P.O. Box 2670
               Rapid City, SD  57709-2670
               Phone: 605-343-1040
               dduffy@bangsmccullen.com
               emily@bangsmccullen.com

                      -and-

        **FOLEY & LARDNER, LLP**
        William J. McKenna
        Admitted Pro Hac Vice
        Michael J. Small
        Admitted Pro Hac Vice
        321 N. Clark Street, Suite 3000
        Chicago, IL 60654-4762
        Phone: (312) 832-4541
        wmckenna@foley.com
        smmall@foley.com

*ATTORNEYS FOR DEFENDANT*

Page 7 of 8

Princeton Alt. Income Fund, LP v. Little Owl Argon, LLC        *Def's Mtn for Leave to Serve*
3:24-cv-3013        *Jurisdictional Discovery*

## Certificate of Service

I certify that, on July 9, 2024, I served copies of this document upon each of the listed people by the following means:

| | | | |
|---|---|---|---|
| ☐ | First Class Mail | ☐ | Odyssey |
| ☐ | Hand Delivery | ☐ | Overnight Mail |
| ☐ | Electronic Mail | ☒ | ECF System |

**Richard E. Huffman**
DeMersseman, Jensen,
Tellinghuisen & Huffman, LLP
516 5th Street
PO Box 1820
Rapid City, SD 57709-1820
Telephone: (605) 342-2814
reh@demjen.com

*ATTORNEYS FOR PLAINTIFF*

By: /s/ Daniel F. Duffy
Daniel F. Duffy