# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH DAKOTA

# CENTRAL DIVISION

| | |
|---|---|
| **PRINCETON ALTERNATIVE INCOME FUND, L.P.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**LITTLE OWL ARGON, LLC,**<br><br>**Defendant.** | **3:24-CV-03013-ECS**<br><br><br>**REPORT AND RECOMMENDATION ON JURISDICTIONAL DISCOVERY AND MOTION TO REMAND** |

Little Owl Argon, LLC (Little Owl), removed this case to federal court citing diversity jurisdiction as the basis for removal.[1] Princeton Alternative Income Fund, L.P. (PAIF), moves to remand the case to state court, disputing that the parties are completely diverse.[2] In reply, Little Owl asks the court to grant limited jurisdictional discovery to confirm whether PAIF's members defeat diversity. Because the questions that would be answered by jurisdictional discovery will not save diversity regardless of their resolution,

---

[1] Docket No. 1.
[2] Docket No. 13.

the court recommends that the case be remanded to the state court for lack of diversity between the parties.[3]

## BACKGROUND

PAIF is a limited partnership comprised of a general partner incorporated in Delaware, a principal office in New Jersey, and a group of confidential limited partners. Little Owl is a limited liability company; its members are solely Florida residents.

On March 4, 2024, PAIF filed an action in the Sixth Judicial Circuit Court in Todd County, South Dakota.[4] PAIF properly served Little Owl, at which point Little Owl timely removed the case to the federal court.[5] Little Owl contends that there is diversity of jurisdiction.[6] It hedges its contention by pointing to PAIF's discrepant representations of who are limited partners and to filings PAIF made in other cases from 2017 to 2020 listing a London mailing address for a partner now representing to be a Florida citizen.[7]

PAIF disputes diversity, though inconsistently. It first maintained that one of its limited partners was a citizen of Florida.[8] Then, after a notice of noncompliance from the court,[9] PAIF revealed that the Mattin Family Trust was the limited partner that defeated

---

[3] 28 U.S.C. § 1447(c) (demanding remand if it appears the district court lacks subject matter jurisdiction); 28 U.S.C. § 636(b)(1)(B); *NRZ REO Inventory Corp. v. Lindberg*, No. 18-CV-05066, 2019 WL 2513902, at *1 (D.S.D. Feb. 5, 2019) (motions to remand are dispositive orders).

[4] Docket No. 1.

[5] *Id.*

[6] *Id.*; *see also* Docket No. 18-1; Docket No. 18-2; Docket No. 26-1.

[7] Docket No. 26, at 3–4.

[8] Docket No. 19.

[9] Docket No. 21.

diversity. Finally, when Little Owl requested the identities of the trustees and beneficiaries to verify whether the trust was a Florida citizen, PAIF corrected its affidavit to say that Christina Mattin—not the Mattin Family Trust—is a limited partner and that Ms. Mattin personally resides in Florida.[10] Ms. Mattin submitted her own affidavit vouching that she is a limited partner in PAIF and currently resides in Florida.[11]

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. To hear any case, a federal court needs subject matter jurisdiction.[12] Little Owl believes that the court has removal jurisdiction based on diversity of citizenship.[13] It is Little Owl's burden to prove, by a preponderance of the evidence, that the court has subject matter jurisdiction over the case.[14] A court may rule on whether it has subject matter jurisdiction "so long as the court has afforded [the parties] notice and a fair opportunity to be heard."[15]

When subject matter jurisdiction is uncertain, a party may request limited discovery to clarify any issues.[16] A court has "wide discretion" to order limited discovery

---

[10] Docket No. 23, at 5; Docket No. 25-1.

[11] Docket No. 25-2.

[12] *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

[13] 28 U.S.C. § 1441(b).

[14] *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011).

[15] *Johnson v. United States*, 534 F.3d 958, 964 (8th Cir. 2008) (alterations in original) (quoting *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006)).

[16] *Id.*

to resolve jurisdictional issues.[17] The court may consider affidavits and other filings to decide whether there is jurisdiction or if limited discovery is necessary.[18]

## LAW

A defendant may remove any civil action in state court to federal court if the federal court would have had original jurisdiction over the claim.[19] One method for removal is if the court would have diversity of citizenship.[20] Diversity jurisdiction requires the amount in controversy exceed $75,000 and the parties are completely diverse.[21] In the removal context, citizenship is considered at both the time of filing the complaint in state court and when removed to federal court.[22]

Relevant here, to be diverse the opposing parties must be either "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."[23] The statutory requirements can create problems when a person is a United States citizen but living abroad. State citizenship requires that the person be an American and domiciled in a particular state.[24] An American living in a foreign country is not a state citizen.[25] And an American living abroad is not a citizen or subject of the foreign state in which she

---

[17] *Id.*

[18] *Id.*

[19] 28 U.S.C. § 1441(a).

[20] 28 U.S.C. § 1332(a).

[21] *Id.*

[22] *Knudson v. Sys. Painters, Inc.,* 634 F.3d 968, 975 (8th Cir. 2011).

[23] 28 U.S.C. § 1332(a)(1)–(2).

[24] *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989).

[25] *Id.*

resides to invoke alienage jurisdiction.[26] Rather, an American with an overseas domiciliary is considered "stateless" and cannot be a party to a diversity suit.[27]

## ANALYSIS

Neither party challenges the amount in controversy exceeding the necessary $75,000. The only issue is whether the parties are completely diverse. Thus, the court must look at Little Owl's and PAIF's citizenship.

### A. Citizenship

Citizenship for a limited liability corporation, such as Little Owl, will take on the citizenship of its members.[28] Little Owl's members—and the entity—are Florida citizens.[29]

For a limited partnership, like PAIF, citizenship is adopted from its general and limited partners.[30] For purposes of the limited partners comprising PAIF, natural persons are citizens of the state they are domiciled;[31] an unincorporated trust takes on the

---

[26] *Aly v. Hanzada for Imp. & Exp. Co.*, No. 12-CV-6069, 2016 WL 3906811, at *2 (W.D. Mo. July 14, 2016), *aff'd*, 864 F.3d at 848 (8th Cir. 2017); Knasel v. Ray, No. 21-cv-03093, 2021 WL 5225623, at *2–3 (W.D. Mo. Nov. 9, 2021); *Freidrich v. Davis*, 767 F.3d 374, 377–78 (3d Cir. 2014); *Smith v. Carter*, 545 F.2d 909, 912 (5th Cir. 1997).

[27] *Thompson v. Deloitte & Touche LLP*, 503 F. Supp. 2d 1118, 1123 (S.D. Iowa 2007) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 68 (2d Cir. 1990)); *see generally* 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3621 (3d ed. 2009).

[28] *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023).

[29] Docket No. 1, at 3.

[30] *Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990).

[31] *Aly v. Hanzada for Imp. & Exp. Co.*, 864 F.3d 844, 848 (8th Cir. 2017); *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (listing some factors useful for determining a natural person's citizenship).

citizenship of its members.[32] So if the parties are diverse, then none of PAIF's partners can be Florida citizens.[33]

Little Owl presents two arguments in support of obtaining jurisdictional discovery. First, the record is unclear whether the Mattin Family Trust or Ms. Mattin is the limited partner necessary to determine PAIF's citizenship.[34] Second, if Ms. Mattin is the limited partner, then she has only sworn to her "current residence" being in Florida,[35] and other record evidence ties her to being domiciled in London.[36]

PAIF's most recent declarations are found in affidavits from Ms. Mattin and its custodian of records. Ms. Mattin avers that she (1) has been a limited partner of PAIF since 2017, (2) was an American citizen living in England at that time, and (3) "moved to [her] current [Florida] residence" in 2017.[37] The records custodian swears that Ms. Mattin (1) invested in, and became a limited partner of, PAIF in 2017, (2) was residing in London at the time she became a partner, (3) changed her residence and citizenship to Florida later in 2017, and (4) remains a partner and Floridian according to PAIF's records.[38]

---

[32] *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016) ("So long as such an entity is unincorporated . . . it possesses the citizenship of all its members.").

[33] *Chapman v. Barney*, 129 U.S. 677, 681 (1889); *Carden v. Arkoma Assocs.* 494 U.S. 185, 189 (1990).

[34] Docket No. 26, at 3.

[35] *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (residency is different from citizenship).

[36] Docket No. 25-2 (signed 2024 affidavit in Great Britain); Docket No. 26-1 (listed 2019 mailing address in England); *see also Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 769 (8th Cir. 2005) (subjective assertions of citizenship may be overcome by evidence pointing to the contrary).

[37] Docket No. 25-2.

[38] Docket No. 25-1.

Because it is uncontested that Ms. Mattin is a limited partner in some form—either individually or as a member of the Family Trust (which adopts its members' citizenship)—diversity centers on her citizenship.[39]

## B. The Predicament

The record supports two possibilities for Ms. Mattin's citizenship. Either she is a citizen of Florida, or she is an American citizen living abroad in England. Little Owl seeks jurisdictional discovery to find out which one it is. But Little Owl is already in a lose-lose situation.

If jurisdictional discovery reveals that Ms. Mattin is a resident *and* citizen of Florida, diversity is destroyed. Little Owl is, without question, a citizen of Florida. A revelation that Ms. Mattin is a Floridian would mean that PAIF shares citizenship with Little Owl. In that event, the court would not have subject matter jurisdiction.

And if jurisdictional discovery shows that Ms. Mattin is still legally domiciled in England, Little Owl fares no better. Ms. Mattin would be a United States citizen living abroad, rendering her stateless. In turn, a stateless American eviscerates diversity jurisdiction, and the court would likewise be without subject matter jurisdiction.

---

[39] *Compare* Docket No. 25-1 (affidavit from PAIF's records custodian: "Christina Mattin became a limited partner of Plaintiff in 2017"), *and* Docket No. 25-1 (affirmation from Ms. Mattin: "I first invested in and became a limited partner of [PAIF] in 2017 and continue to be a limited partner today"), *with* Docket No. 26, at 3 (Little Owl's contention that "the record does not show that Christina Mattin, *in her individual capacity*, is a partner in PAIF" does not dispute that Ms. Mattin is a limited partner of some kind).

7

Neither scenario provides diversity jurisdiction. Because diversity cannot be saved regardless of the answers that Little Owl seeks, the court lacks subject matter jurisdiction.

## CONCLUSION

The court does not have subject matter jurisdiction to hear the case. No evidence of record indicates Ms. Mattin—and through her, PAIF—can be diverse. Jurisdictional discovery is therefore unnecessary.

## RECOMMENDATION

For all these reasons and based on the authorities cited in this report and record before the court, it is

RECOMMENDED that Little Owl's motion for limited discovery be denied[40] and PAIF's motion to remand the case to the Sixth Judicial Circuit Court in Todd County, South Dakota be granted.[41]

## NOTICE

The parties have 14 calendar days after service of this report and recommendation to object to the same.[42] Unless an extension of time for cause is later obtained, failure to timely object will result in the waiver of the rights to appeal questions of fact.[43] Objections must "identify[] those issues on which further review is desired."[44]

---

[40] Docket No. 1.

[41] Docket No. 13.

[42] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[43] *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Nash v. Black*, 781 F.2d 665, 667 & n.3 (8th Cir. 1986).

[44] *Nash*, 781 F.2d at 667 (quoting *Thomas v. Arn*, 474 U.S. 140, 155 (1985)).

DATED this 16th day of August, 2024.

BY THE COURT:

**MARK A. MORENO**
**UNITED STATES MAGISTRATE JUDGE**