UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| PRINCETON ALTERNATIVE INCOME FUND, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> LITTLE OWL ARGON, LLC, <br><br> Defendant. | 3:24-CV-03013-ECS <br><br> OPINION & ORDER ADOPTING THE REPORT AND RECOMMENDATION IN PART AND REJECTING IT IN PART |

Plaintiff Princeton Alternative Income Fund, L.P., (PAIF), is a limited partnership, and contends that one of its limited partners, Christina Mattin, is a citizen of Florida. Doc. 25-1. Defendant Little Owl Argon, LLC, (Little Owl) is a "limited liability corporation" and its two members "are both Florida residents and citizens." Doc. 1 at 3.

Because one of PAIF's limited partners, Ms. Mattin, is allegedly a Florida citizen, and the members of Little Owl are both Florida citizens, PAIF contends this Court lacks subject matter jurisdiction because the parties are not completely diverse as required by 28 U.S.C. § 1332(a)(1). Accordingly, PAIF moved to remand the case to state court. Doc. 13. Little Owl resists the attempted remand, and moved for leave to serve jurisdictional discovery, Doc. 23, to find out about the citizenship status of PAIF's members. PAIF resists that motion.

On August 16, 2024, Magistrate Judge Mark A. Moreno issued a report, Doc. 27, recommending that Little Owl's Motion for Leave to Serve Jurisdictional Discovery, Doc. 23, be denied. Judge Moreno also recommended PAIF's Motion for Remand, Doc. 13, be granted. Little Owl objects, arguing that jurisdictional discovery is necessary as there are unresolved

1

questions related to the citizenship of Ms. Mattin and the Mattin Family Trust. Doc. 28. Little Owl also claims the Report and Recommendation misconstrued case law relating to the citizenship of trusts. Id.

Because questions remain on Ms. Mattin's citizenship and her investment into PAIF, this Court sustains in part Little Owl's objection. Id. Accordingly, the Court will allow narrowly tailored jurisdictional discovery on Christina Mattin's citizenship and the circumstances of her financial investment into PAIF. The Court denies, however, Little Owl's request to serve jurisdictional discovery on the Mattin Family Trust. PAIF is no longer contending the Mattin Family Trust is a limited partner, and is instead only alleging Ms. Mattin, individually, is a limited partner. As a result, any discovery directed toward the Mattin Family Trust would be irrelevant.

## I. Background

PAIF disputes diversity jurisdiction, but in an inconsistent manner. First, PAIF's representative, Mr. Jack Cook, alleged under oath that one of its "members, partnerships, investors, and trusts… is a resident of the State of Florida." Doc. 19-1. Second, after a notice of non-compliance was issued by this Court in response to a corporate disclosure filing, PAIF stated the "Mattin Family Trust" was its limited partner that defeated diversity jurisdiction because it was a citizen of Florida. Doc. 22. Third, after Little Owl sought the identities of the trustees and beneficiaries of the Mattin Family Trust, PAIF submitted two new affidavits reversing course. See Docs. 25-1, 25-2. PAIF submitted a second affidavit from Jack Cook to "correct" his prior statement saying the Mattin Family Trust was a limited partner. Doc. 25-1. Mr. Cook's second affidavit states that "the Trust did not invest but that Christina Mattin invested in the partnership personally." Id. Christina Mattin also submitted her own affidavit stating she became a limited

partner in PAIF in 2017 while she was residing in London, England. Doc. 25-2. Ms. Mattin added that after she invested in PAIF and became a limited partner she "moved to [her] current residence" in Florida in 2017. Id. Notably, Ms. Mattin's affidavit does not state she is a citizen of Florida as it only claims her "current residence" is there. Id. Regardless, PAIF now claims her supposed citizenship status in Florida defeats complete diversity.

## II. Legal Standard

This Court reviews a report and recommendation under the statutory standards found in 28 U.S.C. § 636(b)(1), which provides that "[a] judge of the [district] court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." "In the absence of an objection, the district court is not required to 'give any more consideration to the magistrate's report than the court considers appropriate.'" United States v. Murillo-Figueroa, 862 F. Supp. 2d 863, 866 (N.D. Iowa 2012) (quoting Thomas v. Arn, 474 U.S. 140, 150 (1985)). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## III. Discussion

### A. Jurisdictional Discovery Directed at the Mattin Family Trust

Little Owl objects to the Report and Recommendation claiming the Magistrate Judge incorrectly concluded that all trusts' citizenship are "based entirely upon the citizenship of its beneficiaries or members for purposes of diversity." Doc. 28 at 11. However, even if the Magistrate Judge gave an overbroad reading of existing case law on the citizenship of trusts, that is not outcome determinative because PAIF now claims Ms. Mattin—not the Mattin Family Trust—is the limited partner of PAIF. Docs. 25, 25-1, 25-2. Thus, this Court finds any

jurisdictional discovery directed at the Mattin Family Trust is unnecessary and irrelevant under the current posture of this case.

### B. Jurisdictional Discovery Directed at Christina Mattin

Little Owl also objects to the Report and Recommendation's denial of discovery on Ms. Mattin's citizenship. Doc. 28. Little Owl claims Ms. Mattin's affidavit does not establish her citizenship and thus discovery is warranted. Id. at 12–14. This Court agrees.

"Discovery is not limited to the merits of a case; 'where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues.'" Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964 (8th Cir. 2016) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978)). "This makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly in a notice of removal." Id. Further, discovery is "often necessary because jurisdictional requirements rest on facts that can be disputed, for instance, the domicile of the parties." Id.

"Federal courts are courts of limited jurisdiction and the threshold requirement in every federal case is jurisdiction." Barclay Square Props. v. Midwest Fed. Sav. and Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990) (cleaned up). District courts have original jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1).

The Eighth Circuit has instructed the term "citizen" in 28 U.S.C. § 1332 has long meant something different from the term "resident." Hargett v. RevClaims, LLC, 854 F.3d 962, 965 (8th Cir. 2017). Indeed, "citizenship requires permanence" while "[r]esidency is a more fluid concept" and "does not require an intent to make a place a home," while citizenship does. Id. "For purposes of citizenship, pleading residency is insufficient because people can have multiple

4

residencies, but only one state of citizenship." Short v. Billings Cnty., No. 23-CV-00143, 2024 WL 964219, at *3 (D.N.D. Mar. 6, 2024) (citing Hargett, 854 F.3d at 965).

The Affidavit of Christina Mattin, Doc. 25-2, does not say she is a citizen of Florida. Instead, it says she moved "to her current residence" in Florida in 2017. Id. Further casting doubt on Ms. Mattin's citizenship is the remote notarization of her affidavit from Great Britain. Id. In summary, the record supports that Ms. Mattin might be a "citizen" of Florida, but she has not alleged that under oath. Id.

The Magistrate Judge noted "diversity centers on [Ms. Mattin's] citizenship" and the record supports "two possibilities for Ms. Mattin's citizenship." This Court tends to agree with the Report and Recommendation on these matters, however, it departs from the Report and Recommendation's claim that Little Owl is assuredly in a "lose-lose situation." Doc. 27 at 7. Although Ms. Mattin could be a Florida or stateless citizen—both of which would deprive this Court of subject matter jurisdiction—the Court believes PAIF's inconsistent statements and Ms. Mattin's insufficient affidavit warrant limited jurisdictional discovery on Ms. Mattin's citizenship.[1] For these reasons, this Court also believes limited discovery should be allowed on Ms. Mattin's alleged investment into PAIF to ensure she is a partner.

PAIF claims that it "would not oppose limited discovery" if it was limited to "written interrogatories and requests for production." Doc. 25 at 3. Little Owl makes a similar request with the added caveat of deposing Ms. Mattin. Doc. 26 at 5. The Court believes the limited

---

[1] See KC Ravens, LLC v. Micah Energy Corp., No. 13-00870-CV, 2013 WL 12159426, at *1 (W.D. Mo. Oct. 17, 2013) ("A refusal to grant jurisdictional discovery may constitute an abuse of discretion if pertinent facts bearing on jurisdiction are controverted or additional facts are needed to resolve the jurisdictional question." (citing Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1326 (10th Cir. 2002) (refusal of jurisdictional discovery may be an abuse of discretion "where a more satisfactory showing of the facts is necessary." (citation omitted))).

5

discovery can be accomplished by the normal discovery tools cited by the parties including a deposition of Ms. Mattin, if necessary. All discovery, however, must be limited in scope to Ms. Mattin's citizenship and her alleged personal investment in PAIF. Because Ms. Mattin's personal financial documents related to her investment in PAIF can be sought in this limited discovery, the Court will enter a protective order if either party requests one. The Court will leave it to the parties to determine if they want a protective order and the scope of any requested protective order. The parties should submit to the Court a joint motion to approve the terms of a protective order to govern the limited discovery. If the parties cannot agree to the terms of a protective order, they must advise the Court and it will simply enter what it believes is appropriate.

**IV.    Order**

For the above reasons, and the record as it now exists before this Court, it is

ORDERED that the Report and Recommendation, Doc. 27, is rejected to the extent stated in this opinion and adopted in all other regards. It is further

ORDERED that Little Owl's Objection to the Report and Recommendation, Doc. 28, is sustained in part to the extent explained above. It is further

ORDERED that Little Owl's Motion for Leave to Serve Jurisdictional Discovery, Doc. 23, is granted to the extent explained above. It is further

ORDERED that Little Owl will have 60 days from the date of this Order to conduct discovery related to Ms. Mattin's citizenship and her relationship with PAIF. The case will be stayed during this period.

DATED this 25th day of October, 2024.

BY THE COURT:

_____
ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE